MATOSIAN and another, Respondents, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LIMITED, MUTUAL, Appellant.

*October 4—November 8, 1950.*

*D. J. Regan* of Milwaukee, for the appellant.
*Sydney M. Eisenberg* of Milwaukee, for the respondents.

BROADFOOT, J. The defendant first contends that it is entitled to an unconditional new trial on the ground that the damages found by the jury were so excessive as to indicate that passion and prejudice entered into the jury's decision on questions of liability.

Following the accident Sophie Matosian was taken to the Milwaukee County Emergency Hospital. The records of that hospital indicate that she was admitted on June 14, 1946, at 11:28 p.m., and was discharged at 11:40 p.m., after receiving first aid. Her injuries were diagnosed as "contusion left knee and left shoulder." Later she was treated by a physician whose bill amounted to $15. Defendant argues that these items show her injuries were not serious and therefore that the damages were excessive.

The physician testified that he examined Sophie Matosian on June 15, 1946, and found that she had abrasions and contusions upon her shoulders, arms, and legs, particularly her left leg, and that she complained of pain in her shoulders, arms, legs, and back. He treated her five or six times for her injuries. His findings, as indicated by his records, read

as follows: "(1) Nervous shock; (2) multiple contusions and abrasions, both legs; (3) contusions of both arms and shoulders; (4) sprain of left knee." The record further discloses that she was in bed for a period of two weeks following the accident; that she was unable to do all of her housework up to September 1, 1946, and that at the time of the trial she still complained of headaches, dizzy spells, and pains in her back. There is nothing in the record in this case to indicate passion or prejudice on the part of the jury. It does not appear that the damages found by the jury were excessive, especially as to Mrs. Matosian. However, fixing a maximum was within the discretion of the trial court.

The defendant next contends that the decision and supplemental decision constituted an order under the provisions of sec. 270.53 (2), Stats., which reads as follows:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

It contends, therefore, that plaintiffs did not accept the reduced amount of damages within ten days from the date of the decision and supplemental decision and therefore the defendant is entitled to a new trial on the question of damages. It is clear from the wording of the decision and supplemental decision that the trial court contemplated the signing of formal orders pursuant to the decisions. The court signed the orders on December 2, 1949, and the matter was again before him on the hearing on the order to show cause. The acceptances were served within ten days from the signing of the formal orders on December 2, 1949. A court of general jurisdiction has complete control of its orders during the term in which they are made or entered, except in cases especially covered by statute. *Feiges v. Racine Dry Goods Co.* 231 Wis. 284, 285 N. W. 805. The trial court's own interpretation of its decision and supplemental decision cannot be disturbed.

The defendant finally contends that the plaintiff Sophie Matosian is not entitled to her costs and disbursements as taxed because the same were not taxed within sixty days from the date of the verdict. Sec. 270.66, Stats., reads as follows:

"Within sixty days after filing of a verdict on which the clerk is authorized to enter judgment without an order, or within sixty days after an order to enter judgment is filed, the successful party may tax costs and perfect the judgment and cause it to be entered and if he fails so to do the clerk of the court shall prepare and enter the proper judgment, but without costs. If there be a stay of proceedings after the filing of the findings or verdict judgment may be perfected at any time within sixty days after the expiration of such stay. No execution shall issue until the judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment or until the expiration of the time for taxing costs."

The provisions of this section of the statutes are a sufficient answer to the defendant's final contention.

*By the Court.*—Judgment affirmed.